**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ruby Clarke,** | ) | **CASE NO. 1:21 CV 1283** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Geico Insurance,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Ruby Clarke filed this action against Defendant Geico Insurance ("GEICO") for damages allegedly sustained in an automobile accident. (Doc. Nos. 1 and 3). For the reasons that follow, this action is dismissed.

### I. BACKGROUND

On July 2, 2021, Plaintiff filed a Complaint against "Geico Insurance" in which Plaintiff seeks "full compensation" from the defendant for injuries she allegedly sustained as a result of a motor vehicle accident in Cleveland, Ohio on February 4, 2020. (Doc. No. 1 at 1). It appears that Plaintiff's Complaint is against the defendant as the insurer of the vehicle that allegedly struck Plaintiff. Plaintiff states that she has submitted a claim with Geico and forwarded the requested medical records and documentation, but Geico "has yet to make an offer regarding this claim." (*Id.* at 2). Plaintiff requests $235,173 in damages.

Defendant GEICO Advantage Insurance Company filed a Motion to Dismiss the Complaint (Doc. No. 7), noting the defendant's correct name and asserting that Plaintiff has failed to state a claim upon which relief may be granted because she has not obtained a

judgment against the insured.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief..'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*,

528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id*.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. ANALYSIS

It appears that Plaintiff is attempting to sue GEICO as the alleged tortfeasor's liability insurer. However, in Ohio, "an injured person may sue a tortfeasor's liability insurer ... only after obtaining judgment against the insured." *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 193, 299 N.E.2d 295 (8th Dist.1973) (citing Ohio Revised Code §§ 3929.05 and 3929.06). Here, there is no suggestion in Plaintiff's Complaint that she has obtained a judgment against the driver of the vehicle that allegedly struck Plaintiff. In fact, Plaintiff fails to even identify the alleged tortfeasor. Plaintiff, therefore, cannot maintain an action against GEICO as the alleged tortfeasor's insurer, and she fails to state a claim upon which relief may be granted.

Defendant's Motion to Dismiss (Doc. No. 7) is granted.

## IV. CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss (Doc. No. 7) is granted, and this action is DISMISSED. Plaintiff's "Motion for Default" (Doc. No. 4) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/13/21